UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATIE KORBEL and FERNANDO MARTINEZ,<br><br> Plaintiff,<br><br>v.<br><br>JASON S. HARRIS, LLC,<br><br> Defendant. | Case No. 1:20-cv-06561 |

## **COMPLAINT**

**NOW COME** Plaintiffs, KATIE KORBEL and FERNANDO MARTINEZ, through undersigned counsel, complaining of Defendant, JASON S. HARRIS, LLC, as follows:

### **NATURE OF THE ACTION**

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

### **JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### **PARTIES**

4. KATIE KORBEL and FERNANDO MARTINEZ ("Plaintiffs") are natural persons, over 18-years-of-age, who at all times relevant resided at 606 Willow Wood Drive, Carol Stream, Illinois 60188.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. JASON S. HARRIS, LLC ("Defendant") is a limited liability company organized and existing under the laws of the state of Illinois.

7. Defendant has its principal place of business at 300 Saunders Road, Suite 100, Riverwoods, Illinois 60015.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1][2]

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. On or before October 9, 2018, Plaintiffs purchased a 2004 Nissan Armada (the "Vehicle") from 355 North Auto Inc. (the "Dealer") in Lombard, Illinois.

11. Lombard is situated in DuPage County, Illinois, which is the Eighteen Judicial Circuit.

12. Plaintiffs entered into that certain Retail Installment Contract (the "Contract") with the Dealer for the purchase of the Vehicle; said Contract being immediately assigned pursuant to the terms thereof to Consumer Financial Services Corporation who provided financing for Defendant, with an agreement to repay the principal loan balance with interest.

---

[1] "Our collection practice serves a diverse clientele ranging from finance companies looking to monetize delinquent accounts to corporate clients looking to monetize receivables." https://jshlawoffice.com/practice-areas/#collections (last accessed November 4, 2020).

[2] "We work with you to determine the collectability of your debt and what steps make sense for your situation. If initial attempts to collect fail and debtors are still unwilling to pay voluntarily, or if we cannot make acceptable payment arrangements, we will guide you through the many legal options available to you, including litigation. From demand letters through post judgment collection strategy, we work to maximize recovery for our clients." https://jshlawoffice.com/practice-areas/#collections (last accessed November 4, 2020).

13. Pursuant to the Contract, Plaintiffs agreed to pay the sum of $326.25 beginning on November 9, 2018 and then on the same date of each month thereafter for 38 months until fully paid.

14. As result of financial hardship, Plaintiffs defaulted on the Contract by filing to make the requisite payments required under the terms thereof.

15. On or before September 13, 2019, the Vehicle was repossessed.

16. The Vehicle was resold, and the proceeds credited to Plaintiff's balance; there remained due and owing to Consumer Financial Services Corporation the sum of $9,522.91, including late payment charges accrued thereon.

17. The $9,522.91 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. On behalf of Consumer Financial Services Corporation, Defendant filed a collection suit on September 4, 2020 in the Circuit Court of Cook County, Municipal District, Fourth District.[3]

19. The Circuit Court of Cook County's Fourth Municipal District is made up of the following municipalities and townships in the western suburbs of Cook County: the municipalities of Bellwood, Berkeley, Berwyn, Broadview, Brookfield, Cicero, Elmwood Park, Forest Park, Franklin Park, Hillside, La Grange Park, Maywood, Melrose Park, Northlake, North Riverside, Oak Park, River Forest, River Grove, Riverside, Stone Park and Westchester; and the townships of Berwyn, Cicero, Leyden, excluding that part lying within the territorial limits of the municipalities of Rosemont and Schiller Park, Oak Park, Proviso, River Forest, and Riverside.

---

[3] *Consumer Financial Services Corporation, an Illinois corporation v. Katie Korbel and Fernando Martinez*; 2020 M4 005059.

20. At the time, Plaintiffs did not reside in fourth municipal district — much less in Cook County, Illinois.

21. At the time, Plaintiffs resided in DuPage County, Illinois, which is the Eighteen Judicial Circuit.

22. The Circuit Court of Cook County's Fourth Municipal District is 16.8 miles from Plaintiffs' home – or 29 minutes away.

23. In contrast, DuPage County Courthouse is 3.4 miles from Plaintiffs' home – less than five minutes away.

## DAMAGES

24. The FDCPA seeks to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e) (congressional purposes).

25. One such practice is abusive forum-shopping by debt collectors choosing the venues for lawsuits to collect consumer debts.

26. Concerned with having had their rights violated, Plaintiffs were forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate their rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation of 15 U.S.C. § 1692i**

28. Section 1692i provides:

> (a) **Venue.** Any debt collector who brings any legal action on a debt against any consumer shall–

4

  (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or

  (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity–

    (A) in which such consumer signed the contract sued upon; or

    (B) in which such consumer resides at the commencement of the action.

29. Under the FDCPA, a debt collector who sues to collect a consumer debt must sue in the "judicial district or similar legal entity" where the debtor lives or signed the contract in question. 15 U.S.C. § 1692i.

30. Since the debt here was not secured by real property, our focus is on paragraph (a)(2), which requires the debt collector to file a collection suit in a venue where the consumer debtor either signed the relevant contract or resides.

31. Defendant violated the FDCPA's venue provision, § 1692i, by suing Plaintiffs in a venue where they did not reside and had not signed the contract in suit.

32. Defendant brought legal action against Plaintiffs in Cook County in order to dissuade Plaintiff from appearing and defending the collection action.

33. Plaintiffs may enforce the provisions of 15 U.S.C. § 1692i(a)(2) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

  (1) any actual damage sustained by such person as a result of such failure;

(2)

    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiffs request the following relief:

A.    find that Defendant violated 15 U.S.C. § 1692i(a)(2);

B.    award any actual damage sustained by Plaintiffs as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C.    award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.    award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.    award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

DATED: November 4, 2020          Respectfully submitted,

**KATIE KORBEL and FERNANDO MARTINEZ**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com